UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN NOWAK,<br><br>                             Plaintiff,<br><br>-against-<br><br>JP MORGAN CHASE BANK, N.A., *also known as* JP MORGAN CHASE & CO.,<br><br>                             Defendant. | 23-CV-5898 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff paid the fees to bring this *pro se* action against "JP Morgan Chase Bank, N.A., also known as JP Morgan Chase & Co." Plaintiff seeks money damages, and possibly other relief, in connection with a foreclosure on real property located in Nassau County, New York, where Plaintiff resides. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff's 185-page complaint consists largely of legalese and attachments of unclear relevance.[1] It is clear, however, that Plaintiff is challenging Defendant's handling of the foreclosure on property located at 113 New York Avenue, in Long Beach, New York. (ECF 1 at 25.) Plaintiff previously filed a lawsuit in the United States District Court for the Eastern District of New York against Defendant in connection with the same property and mortgage. *See Nowak v. JP Morgan Chase & Co.*, No. 18-CV-4972 (E.D.N.Y. Aug. 15, 2019) (dismissing Plaintiff's amended complaint for failure to state a claim on which relief may be granted), *aff'd* 19-2981 (2d Cir. May 19, 2021). There is a pending foreclosure matter regarding this property in the New York State Supreme Court, Nassau County. *See JP Morgan Chase Bank v. Nowak*, Ind. No. 602421/19. Plaintiff lists a Manhattan address for Defendant, suggesting that venue could be proper here.

Under 28 U.S.C. § 1404(a), however, even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the

---

[1] Those documents include certified mailing receipts; United States Postal Service tracking documents; and multiple pages entitled "Continentalis Divitae Express Trust"; "Affidavit of Notary Presentment"; "Affidavit Notice of Liability Regarding Trespass"; "True Bill — (Invoice)"; and "Default by Dishonor Notice." (ECF 1 at 1-1.)

totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The property that is the subject of this action is located in Nassau County, where Plaintiff resides. *See Adams v. U.S. Bank, NA*, No. 12-CV-4640 (KAM) (LB), 2013 WL 5437060, at *5 (E.D.N.Y. Sept. 27, 2013) ("[C]laims regarding [] property should generally be filed in the jurisdiction where the property is located and the claim arose."); *see also Fransway v. BAC Home Loan Serv., LLP*, No. 13-CV-5393 (AT), 2014 WL 1383260 (S.D.N.Y. Apr. 2, 2014) (transferring action to district where the property was situated despite plaintiff's allegation that defendants "prepare[d] the Note to be traded as a mortgage-backed security" in the Southern District of New York). There has already been litigation in state and federal court in Nassau County regarding the property. It is therefore clear that the locus of operative facts in this action is Nassau County, New York, where a substantial part of the events giving rise to this claim occurred and where the documents and witnesses relevant to Plaintiff's claims are likely to be found. Nassau County falls within the Eastern District of New York. *See* 28 U.S.C. § 112. Venue is therefore proper in the Eastern District of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this Court. All pending matters are terminated. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 24, 2023
        New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge